Richardson, J.
I dissent, on the following grounds. In the case of Corbet vs. Cochran, it is decided that if A assume verbally to pay the account of O, due to B, upon B’s discharging C, the undertaking of A is binding, and C being so discharged, A becomes debtor in his place.
This is the case before us, but with this confirmation,, that A (Scott) gave his note to B, (Ferrell) and B gave a receipt in full to C, (Scott.) All that could render the case of Corbet vs. Cochran questionable, the written assumption of A, and the written discharge of C, is here supplied.
But C (the deceased Scott,) was dead, and died a pauper. Can this make the law of the case different ? It cannot. And even if it did so at common law, as in the case of Corbet vs. Cochran, it could not affect a case of a written assumption to pay the debt of a third person, under the statute of frauds.
In such cases, the release of B’s action, and of his right as creditor, to administer on the estate of C, is a sufficient consideration, and there can be no difference on account of the solvency or insolvency of C. (See 1 Bos. & Pul. 124, Corbet vs. Cochran, Riley’s Law Cases, 44.) Many such *352 guaranties are given for-insolvents. He that gives such a guaranty of debt, purchases off the legal right of the creditor to sue, puts himself in place of the debtor, by a fair substitution, and may as well plead his own insolvency, as that of the original debtor, in discharge of his guaranty.